UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| | CIVIL ACTION NO: 1:19-cv-00437-DBH |
| CITIMORTGAGE, INC.<br><br>PLAINTIFF<br><br>v.<br><br>CARRIE L. COOPER AKA CARRIE COOPER, DAVID W. COOPER AKA DAVID COOPER AND MIDLAND FUNDING, LLC<br><br>DEFENDANTS | **ORDER AND JUDGMENT OF FORECLOSURE AND SALE**<br><br>Title to Real Estate Involved |

**76 North Road, Winterport, State of Maine**
**Waldo Registry of Deeds in Book 3383, Page 315**

    Following Plaintiff's motion for judgment on documentary evidence, the Court having reviewed Plaintiff's submissions and finding them to be sufficient to entitle Plaintiff to judgment of foreclosure, the Court finds as follows:

    1.    That the parties have received notice of the proceedings in this action, having previously returned waivers of service and failed to appear at the scheduled motion for default judgment, and that the notice was given in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

    2.    That venue is properly laid in this Court.

    3.    That Plaintiff is entitled to judgment as a matter of law.

    4.    That Defendants Carrie L. Cooper a/k/a Carrie Cooper and David W. Cooper a/k/a David Cooper are in breach of the terms of a certain promissory note held by the Plaintiff dated October 9, 2009, (the "Note"), with such breach constituting a default by the Defendants, and upon such default, proper notice of default was sent to the Defendants.

    5.    That the default of the Note caused a breach of the Mortgage.

1

6. That Plaintiff is the mortgagee of record of a mortgage securing the Note and recorded in the Waldo Registry of Deeds in Book 3383, Page 315 ("Mortgage"). The Mortgage encumbers real estate located at 76 North Road, Winterport, State of Maine ("Property"). The legal description of the Property contained in the Mortgage, as reformed by this judgment on the Court's inherent authority to correct a scrivener's error, is incorporated herein by reference and attached hereto as Exhibit A (correcting the date in the final paragraph from 2089 to 1989).

7. That as of November 1, 2020, the following amounts are owed to Plaintiff, its successors and/or assigns, under the terms of the Note and Mortgage:

| | |
|---|---|
| a. Principal Balance | $124,206.53 |
| b. Accrued Interest | $52,709.80 |
| (plus interest at a per diem of $17.87) | |
| c. Escrow Advances | $38,858.27 |
| d. Property Preservation | $7,805.00 |
| e. Property Inspection Fees | $208.75 |
| f. Balance Transfer | $26,885.24 |
| g. Attorney's Fees | $3,040.00 |
| h. Attorney's Costs | $805.48 |
| **Total:** | **$254,519.07** |

Plaintiff, its successors and/or assigns, is entitled to add any additional attorney's fees and costs incurred in connection with the foreclosure, including any post-judgment attorney's fees and costs, as well as any additional amounts advanced or expended by Plaintiff, its successors and/or assigns, pursuant to the Note and Mortgage.

8. That the order of priorities and amount of the claims of the parties who have appeared in this action for distribution from the proceeds of sale, after payment of expenses of sale, in this case are as follows:

   a. Plaintiff, its successors and/or assigns, in the amount of $254,519.07, plus accrued interest at the rate of 5.25% per annum, $17.87 per day to the date of entry of judgment, plus interest after judgment at a rate of 7.53% per annum [pursuant to 14 M.R.S.A. § 1602-C. Further, Plaintiff, its successors and/or assigns, is entitled to the additional amounts incurred by Plaintiff, its successors and/or assigns, as described in Paragraph 7 above, including but not limited to attorney's fees and costs, insurance premiums, and real estate taxes;

   b. Defendant Midland Funding LLC failed to file and answer or Affidavit of Debt and therefore will not receive any proceeds from sale.

   c. Defendants Carrie L. Cooper a/k/a Carrie Cooper and David W. Cooper a/k/a David Cooper: any excess proceeds from sale, pursuant to 14 M.R.S.A. § 6324.

9. That the names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

>CitiMortgage, Inc.
>425 Phillips Boulevard
>Ewing, NJ 08618
>
>Bendett & McHugh, P.C.
>Attorneys for CitiMortgage, Inc.
>30 Danforth Street, Suite 104
>Portland, ME 04101
>
>Carrie L. Cooper a/k/a Carrie Cooper
>5496 Glenville Circle
>Virginia Beach, VA 23464
>
>David W. Cooper a/k/a David Cooper
>15 Hi View Lane
>Corinth, ME 04427
>
>Midland Funding LLC
>c/o Corporation Service Company
>45 Memorial Circle
>Augusta, ME 04330

10. That the Plaintiff's claim for attorney fees is not integral to the relief sought, within the meaning of M.R. Civ. P. 54(b)(2); and

11. That the Federal Rules of Civil Procedure do not require mediation, and therefore M.R.S.A. § 6321-A and M.R. Civ. P. 93 do not apply;

12. That there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for Attorney's fees and disbursements and additional amounts advanced by Plaintiff, its successors and/or assigns, related to its mortgage security incurred by Plaintiff, its successors and/or assigns, after the date of Plaintiff's Affidavit, for the following reasons:

   a. If judgment is granted but not entered as final, the time periods set forth in 14 M.R.S.A §§ 6322 and 6323 will commence even though the judgment is subject to later revision;

   b. The Plaintiff, its successors and/or assigns, and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and

      c. Any dispute regarding post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff, its successors and/or assigns, related to its mortgage security may be resolved by the Defendant(s) filing a motion contesting Plaintiff's, its successors and/or assigns, Report of Public Sale as provided in 14 M.R.S.A. § 6324.

**WHEREFORE**, it is hereby Ordered and Decreed:

A. That Count I of the Amended Complaint is GRANTED, and if Defendants Carrie L. Cooper a/k/a Carrie Cooper and David W. Cooper a/k/a David Cooper, their heirs and assigns, do not pay the Plaintiff, its successors and/or assigns, the amounts adjudged to be due to Plaintiff, its successors and/or assigns, as set forth in Paragraph 8(a) above within ninety (90) days from the date of entry of this Order, Plaintiff, its successors and/or assigns, (through its agents or attorneys) shall proceed with a sale of the Property described in the Mortgage, pursuant to 14 M.R.S.A. §§ 6321-6324, free and clear of all liens, except liens senior to Plaintiff's, its successors and/or assigns, Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the amounts, manner, and priority set forth in Paragraph 8 above;

B. That the Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to F. R. Civ. P. 54(b), except as to any additional post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff, its successors and/or assigns, related to its mortgage security;

C. That if Defendants Carrie L. Cooper a/k/a Carrie Cooper and David W. Cooper a/k/a David Cooper fail to redeem by paying the above amounts adjudged to be due on or before ninety (90) days from the date of entry of this Order, or within such additional time as Plaintiff, its successors and/or assigns, may in its sole discretion allow, or if Defendants Carrie L. Cooper a/k/a Carrie Cooper and David W. Cooper a/k/a David Cooper abandon the Property, Plaintiff, its successors and/or assigns, shall then be entitled, at its option, to take exclusive possession of the Property described in Plaintiff's, its successors and/or assigns, Mortgage, and Clerk shall issue a Writ of Possession at the request of Plaintiff, its successors and/or assigns;

D. That Plaintiff, its successors and/or assigns, is entitled, at its option, to have a receiver appointed to collect the rents of the Property pursuant to the Mortgage;

E. That no execution shall issue against Defendants for any deficiency and Count II is therefore dismissed as moot;

F. That Plaintiff, its successors and/or assigns, shall specify Attorney's fees and disbursements incurred after the date of Attorney's Fees and Disbursements Affidavit in its Report of Public Sale, which shall then constitute a timely application for an award of additional attorneys' disbursements, notwithstanding Local Rule 54.2; Defendants may

     contest the Report and application for additional Attorney's fees and disbursements by filing a motion pursuant to 14 M.R.S.A. §6324;

G. That once the applicable appeal period has expired as determined under F. R. Civ. P. 58 and F. R. App. P. 3, Plaintiff, its successors and/or assigns, shall prepare and the Clerk shall execute an appropriate certification either that no action was taken or that an appeal was filed, and Plaintiff, its successors and/or assigns, shall then record the said certification and a copy of this Judgment in the Waldo County Registry of Deeds and pay the recording fees therefore, in compliance with 14 M.R.S.A. § 2401(3), such fees and costs so incurred by Plaintiff, its successors and/or assigns, to be added to and become part of the mortgage indebtedness secured by the Mortgage; and

H. That the Clerk shall enter the following in the docket:

"Order and Judgment of Foreclosure and Sale dated _____, 20____ for the Plaintiff, its successors and/or assigns, as a final judgment except for additional Attorney's fees and disbursements and any additional amounts advanced by Plaintiff, its successors and/or assigns, related to its mortgage security, and said Order is incorporated in the docket by reference. This entry is made in accordance with F. R. Civ. P. 79(a) at the specific direction of the Court."

SO ORDERED this 5th Day of November, 2020.

                                                          /s/ D. Brock Hornby
                                                          D. Brock Hornby
                                                          U.S. District Judge

Date entered in the docket: November 5, 2020

## CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S.A. § 2401(3)(F)

     Pursuant to 14 M.R.S.A. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court in this action within the appeal period following the entry of judgment, as provided by F. R. Civ. P. 58 and F. R. App. P. 3.

Dated: _____                 _____
                                                                       Clerk of Court

## EXHIBIT A

A certain lot or parcel of land with the buildings thereon situated in Winterport, County of Waldo and State of Maine, bounded and described as follows:

Being Lot 4 as shown on plan entitled Subdivision Plan of Oak Grove, Winterport, Maine, dated January 1989 drawn by A. E. Sturgeon, Inc. and recorded in the Waldo County Registry of Deeds, Plan Book 14, Page 238.

Together with a right to enter upon and to construct and maintain a septic system and fill extension within the following parcel of land: Beginning at a point on the northwesterly sideline of Lot 3 as shown on said plan and one hundred fifty feet from the iron pin located on the southwesterly sideline of the North Road marking the northerly corner of Lot 3; thence southeasterly at right angles from the said northwesterly sideline of Lot 3 thirty feet to a point; thence southwesterly and parallel to the said northwesterly sideline of Lot 3 fifty feet to a point; thence at right angles northwesterly thirty feet to said northwesterly sideline of Lot 3; thence northwesterly along said northwesterly sideline of Lot 3 fifty feet to the point of beginning.

Any and all other rights, easements, privileges and appurtenances belonging to the granted estate are hereby conveyed.

Being the same premises as described in the deed from M. C. Schink and Douglas F. Schmidt to David W. Cooper and Carrie L. Cooper dated April 10, 1989 and recorded in the Waldo County Registry of Deeds, Book 1089 Page 225.